# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# (ST. LOUIS)

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **Jason Fauss** | ) | |
| | ) | |
| | ) | Case Number 20-41032 |
| **Debtor** | ) | |
| | ) | Chapter 13 |
| | ) | |
| **U.S. Bank Trust National Association** | ) | Motion Waives 30 Day Hearing |
| **as Trustee of the Tiki Series III Trust** | ) | |
| | ) | |
| Movant/Creditor. | ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY

COMES NOW, U.S. Bank Trust National Association as Trustee of the Tiki Series III Trust ("Movant"), by and through its attorney David Noyce, and for its Motion for Relief from Automatic Stay and Co-Debtor Stay and states as follows:

1. Debtor filed a voluntary petition for Chapter 13 bankruptcy protection on February 27, 2020.

2. On or about October 15, 2008, Jason Fauss and non-filing Co-Debtor Kara Fauss executed and delivered to CTX Mortgage Company, LLC a promissory note (the "Note") in the original principal amount of $414,200.00. A true and correct copy of the Note is attached hereto as Exhibit "A" and incorporated herein by this reference.

3. The Note is secured by a properly recorded Deed of Trust executed on October 15, 2008. The Deed of Trust was executed and delivered by Jason Fauss and non-filing Co-Debtor Kara Fauss to Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary,

1

as nominee for CTX Mortgage Company, LLC, its successors and assigns securing the following real property:

> LOT 109 OF THE ESTATES AT WILLIAMS CREEK PLAT TWO, A SUBDISIVION IN ST. LOUIS COUNTY, MISSOURI, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 354 PAGES 1015, 1016 AND 1017 OF THE ST. LOUIS COUNTY RECORDS

The above-described property is also known as 1412 Heritage Valley Drive, High Ridge, MO 63049 ("Property"). A true and correct copy of the Deed of Trust is attached hereto as Exhibit "B" and incorporated herein by this reference.

4. The Movant is the current holder of the loan as all rights under the Deed of Trust have been assigned to the Movant. A true and correct copy of the Assignment is attached hereto as Exhibit "C" and incorporated herein by this reference.

5. The Note executed by the Debtor and non-filing Co-Debtor is made payable to the Movant or it has been duly indorsed payable to the Movant and the Movant is in possession of the same.

6. The Movant seeks to enforce the rights as allowed by the Note and Deed of Trust.

7. Debtor failed to make the required payment as outlined in the Note. As of March 2, 2021, the principal balance of the Note is $401,692.15 with interest in the amount of $78,452.64, in addition to late charges, insufficient funds and other amounts due and owing under the note. As of March 2, 2021, the total debt owed is $513,815.05.

8. The Debtor failed to make post-petition monthly payments due under the Note and the loan is currently due for the December 1, 2020 post-petition payment. The following amounts are currently due and owing:

| | |
|---|---|
| 4 payments at $2,525.99 (December 2020 to March 2021) | $10,103.96 |
| Late Charges | $85.83 |

| | |
|---|---|
| <u>Less Suspense</u> | ($2,214.73) |
| Total Amount Due | $7,975.06 |

9. A post-petition payment history is attached hereto as Exhibit "D".

10. In addition to other amounts due to the Movant per this Motion, in connection with filing this Motion for Relief the Movant has also incurred legal fees in the amount of $1,050.00 along with $188.00 in costs. Movant reserves all rights to seek an allowance of such fees and costs in accordance with applicable state or Federal law and the loan documents.

11. Cause exists for the granting of relief from the automatic stay as Debtors have not offered Movant adequate protection of its interest in the Property pursuant to 11 U.S.C. §362(d)(1).

12. Movant asserts that Debtor and Co-Debtor's failure to make regular payments as required under the Note and Deed of Trust results in a lack of adequate protection of Movant's security interest and, therefore, a continuation of the automatic stay places the Movant's collateral in jeopardy.

13. There is no equity in the Property and therefore it is not necessary for an effective reorganization.

14. Movant requests permission from the Court to communicate with the Debtor/Counsel as allowable under non-bankruptcy law in order to discuss potential loss mitigation alternatives to foreclosure.

15. Movant hereby consents to the continuation of the automatic stay until a hearing is held on the merits of this motion and hereby waives its right to a hearing within thirty (30) days of the date of this motion as provided by Section 362(e) of the Bankruptcy Code.

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Court enter an Order granting relief from the automatic stay and co-debtor stay which is effective despite any conversion of the bankruptcy case to a case under any other chapter of the United States Bankruptcy Code and finding that the fourteen (14) day stay period pursuant to Rule 4001(a)(3) shall be waived, authorizing Movant and its successors and assigns to immediately exercise any and all rights provided under non-bankruptcy law and as set forth in the Note and Mortgage granting it an interest in said property, and for such other and further relief as is just and appropriate under the circumstances.

Respectfully Submitted,

MARINOSCI LAW GROUP, P.C.

/s/David V. Noyce
David V. Noyce    #56116MO
11111 Nall Avenue, Suite 104
Leawood, KS 66211
dnoyce@mlg-defaultlaw.com
ecf@mlg-defaultlaw.com
Phone: (913) 800-2021
Fax:  (913) 257-5223
ATTORNEY FOR MOVANT

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# (ST. LOUIS)

| | |
|---|---|
| In Re: | ) |
| | ) |
| **Jason Fauss** | ) |
| | ) |
| Debtor, | ) Case No. 20-41032 |
| | ) |
| | ) Chapter 13 |
| | ) |
| **U.S. Bank Trust National Association** | ) |
| | ) Motion Waives 30 Day Hearing |
| | ) |
| Movant/Creditor. | ) |

## EXHIBIT SUMMARY

Pursuant to the Local Rules of Bankruptcy Procedure, the following exhibits are referenced in support of the Motion for Relief from Stay filed by Movant. Copies of these exhibits will be provided as required by Local Rules:

- A. Note
- B. Deed of Trust
- C. Assignment
- D. Post-Petition Payment History

Respectfully submitted,

/s/ David V. Noyce
David V. Noyce #56116MO
Attorney for Movant/Creditor

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Motion for Relief was filed electronically on March 16, 2021, with the United States Bankruptcy Court, and has been served electronically by the Court's CM/ECF System to the following parties

Jason Fauss
Jason D. Fauss - Attorney at Law
10805 Sunset Office Drive
Suite 300
St. Louis, MO 63127

Diana S. Daugherty
Chapter 13 Trustee
P. O. Box 430908
St. Louis, MO 63143

U.S. Trustee
Office of the US Trustee
111 S. Tenth St., Ste 6.353
St. Louis, MO 63102


I certify that a true and correct copy of the Motion for Relief was mailed via United Stated mail postage prepaid on March 16, 2021 to the following non-CM/ECF parties:

Jason Fauss
11965 Saint Charles Rock Rd
Ste 202
Bridgeton, MO 63044-2628

Kara Fauss
1412 Heritage Valley Drive
High Ridge, MO 630449


　　　　　　　　　　　　　　　　　　　　　　　/s/ David V. Noyce
　　　　　　　　　　　　　　　　　　　　　　　David V. Noyce #56116MO